### BILL HODGES V. THE STATE.

No. 21461. Delivered March 12, 1941.
Rehearing Denied April 9, 1941.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by the jury of running an open saloon, and was assessed a fine of $500.00, hence this appeal.

The first bill of exceptions complains of the introduction in evidence of an assessment of taxes sheet taken by a deputy tax·assessor and collector of Brown County who took the assessment of taxes of appellant on January 27, 1939, it being about twelve days prior to the date alleged in the complaint and information as that on which this open saloon was operated. The pertinent portion of such assessment being the fact that such instrument bore the annotation of "Inventory of Property—Owner W. H. Hodges; Address 416 S. Broadway, Bwd.," and which instrument was signed by appellant as "W. H. Hodges."

The point at issue between the State and appellant was that because of an allegation in the complaint and information that this alleged open saloon was located at 416 S. Broadway, it was incumbent on the State to prove this exact location, appellant contending that such was not the correct location of his cafe. It seems that the above statement,—signed by appellant, which contained the statement that the property thereon inventoried was located at 416 S. Broadway,—showed that cafe fixtures were assessed at a valuation of $150.00. While this tax assessor may have made statements that could have been called contradictory, he did finally say: "I put down what he (Hodges) told me was his address. That is the address he told me—416 South Broadway." Doubtless the jury accepted this written statement and in conjunction therewith the latest statement made by the assessor. We think the assessment sheet signed by appellant was admissible as a statement against interest affecting the very defense now offered by him.

The second bill of exceptions complains because of the fact that the Liquor Control Board agent, who testified that he purchased two drinks of whisky from appellant, had no search warrant at the time he entered appellant's place of business, and therefore that the whisky obtained by him from the appellant was obtained in violation of the law prohibiting unreasonable searches and seizures. The testimony shows that this agent made no search of any kind, but that he merely entered appellant's cafe on February 11, 1939, at about 8:30 A. M., and had breakfast there in the morning of that day. He got acquainted with Mr. Hodges, and asked him if he could get a drink

of whisky, and Hodges obligingly served him with a drink of whisky, which the appellant paid for. He went back again about 11:30 A. M. and ordered a cup of coffee, and was served another drink of whisky for which he paid the sum of twenty-five cents. The agent had a small syringe with him and managed to siphon this last drink of whisky into the syringe and put same in his pocket, and after leaving the cafe he placed this whisky in a bottle and delivered same to the county attorney of that county. We are at a loss to see in what manner the agent searched anything or violated any law in thus going into a public place of business and purchasing liquor as well as food from the proprietor of a cafe, such being a public place. This testimony is further objected to as being prejudicial to the appellant. We feel sure such is true, but it is also true that most of the State's testimony should of necessity be prejudicial to the defense, otherwise much of it would be inadmissible. We see no error reflected in this bill .To the same general effect is bill No. 3, and we also overrule that bill. Bill of exceptions No. 4 also reiterates objections to portions of the Liquor Control Board agent's testimony upon the general grounds as set forth in bill No. 2, and it is overruled for the reasons therein stated. To the same effect is bill of exceptions No. 5, based on the invalidity of a so-called search of the cafe premises. It is again noted that there was no search of any kind made of this cafe; the agent merely asked for a drink of whisky and was sold such drink by appellant. All remaining bills are based on the lack of the same search warrant complained of above, and relate to further testimony of this Liquor Control Board agent as to what happened in the cafe at these sales, and we overrule all such further bills.

There is offered a further contention relative to the failure of the allegation and proof to correspond in that it is alleged in the complaint and information that this open saloon was kept at 416 South Broadway in Brownwood, Brown County, Texas, and appellant's claim that at such number and street there was a garage and not appellant's place of business. We note that the Liquor Board agent testified that he purchased these two drinks of whisky from appellant at the Owl Cafe at 416 South Broadway, in Brownwood, Brown County, Texas. Mrs. John Mason also testified as follows:

"I am Mrs. John Mason. I know the defendant Bill Hodges. I have known him all of last year. I have a cafe at 416 South Broadway in Brown County, Texas. About February 11 of last

year, Bill Hodges operated a place of business at 416 South Broadway, where I am now located. * * *."

It is shown by the testimony that there are two businesses in a building with a partition between a garage and this cafe, and the witness continues: "Charlie Day owns both the cafe and the garage. * * * They are (both) entered under one number. All I know is that they are entered under one number. '416' is the number that Mr. Hodges had it under. * * *."

We are of the opinion that the facts sufficiently show that appellant was selling whisky by the drink for beverage purposes at 416 South Broadway in Brownwood, Brown County, Texas, and was therefore guilty of operating an open saloon in defiance of the law.

We perceive no error in the record, and the judgment is therefore affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After reexamining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.